# CHESAPEAKE REALTY COMPANY

## *vs.*

## PRUDENCE PATTERSON ET AL.

### *Ejectment—Non-Payment of Rent.*

In an ejectment suit, a paper filed by the defendants' attorney, stating that an amount therein named is brought into court "to be paid to the plaintiff" as "accrued rent on the property" mentioned in the declaration, sufficiently discloses the existence of the relation of landlord and tenant to justify the passing of an order directing the discontinuance of the action upon the payment of the amount named.                              p. 250

In cases of ejectment by a landlord, under Code, Art. 75, sec. 73, modifying St. 4 Geo. 2, ch. 28, for the non-payment of rent, one in actual possession of leased premises, who is the only child and next of kin of the recognized assignee of the tenant under the lease of plaintiff landlord, is within the class of persons named in the latter statute as entitled to pay or tender the rent and costs to the landlord, and thereby secure the discontinuance of the ejectment proceeding.                      p. 251

*Decided April 5th, 1921.*

Appeal from the Superior Court of Baltimore City (SOPER, C. J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Thomas Charles Williams,* for the appellant.

*Henry M. Nitzell,* for the appellees.

PATTISON, J., delivered the opinion of the court.

In this case the appellant, the Chesapeake Realty Company, brought an action of ejectment against Prudence Patterson and Frederick Rauch, the appellees, for a lot of land on Caroline Street, in the City of Baltimore, which is fully described in the declaration.

The general issue plea was filed to the declaration and thereafter the following paper writing, designated as "the petition of the defendants," was filed:

> "The defendants, by Henry M. Nitzel, their attorney, now bring into court, to be paid to the plaintiff, the sum of fifty dollars and ninety cents ($50.90), being the amount due the plaintiff according to the statement filed by it in this case, together with the accrued rent due on the property therein referred to, up to March 1, 1920. The defendants also bring into court the costs due in the case.
>
> "Henry M. Nitzel,<br>"Defendants' Attorney."

Upon the petition appears the following order:

> "Ordered by the court this 8th day of April, 1920, upon payment of the sum of fifty dollars and ninety cents ($50.90) into court by the defendants in the above case, together with all costs in the case, that all further proceedings in the said case shall cease, and be discontinued, provided copy of this order be served on the plaintiff on or before the 13th day of April, 1920, and no cause to the contrary be shown on or before the 18th day of April, 1920."

The docket entries show that on the 8th day of April, 1920, the said sum of fifty dollars and ninety cents ($50.90) was paid in court, and on the subsequent day deposited in the Merchants-Mechanics First National Bank of Baltimore.

On the 16th day of April, 1920, the plaintiff, through its attorney, filed the following motion asking that the order

passed on the 8th day of April be vacated for the following reasons:

"1.   That Henry M. Nitzell, attorney, does not represent the defendants, Prudence Patterson and Frederick Rauch.

"2.   That the parties paying the sum of $50.90 and costs into this court are not Prudence Patterson nor Frederick Rauch nor the tenant or tenants, his, her or their assignee or assignees, of the property described in the declaration filed in the within case, nor are the said parties so paying the said sum into this court lessees or sublessees of this plaintiff, nor are the said parties, assignees nor the executors, administrators or assigns of the said lessee or lessees under the lease heretofore made by the predecessors in title of this plaintiff.

"3.   And for other reasons to be shown at the hearing on this matter."

The record discloses that a hearing was had on the motion, at which Henry M. Nitzel, attorney for the defendants, was called to the stand by the plaintiff and testified that he had not been employed by Prudence Patterson or Frederick Rauch, but by Mrs. Sapp, the daughter of Frederick Rauch, who at the time was in possession of the property and was using the same for storage purposes; that he did not know whether Frederick Rauch, "the holder of the leasehold interest in the property," as assignee of Prudence Patterson, "was dead or alive," but no letters of administration had been issued upon his estate; that Mrs. Sapp, the only child and next of kin of Frederick Rauch, and the tenant of the property in possession thereof, had paid the said money into court.

It is also shown by a certificate of the court that at the hearing upon the motion to vacate its order passed April 8th, 1920, the following letter was produced which was "admitted by the counsel for the plaintiff and defendants to be a correct statement of the amount of ground rent due on the property" described in the declaration:

"March 1, 1919.
"To the Tenant Holding the Leasehold Interest in the
    Property Known as 16 North Caroline Street:

"You are hereby notified that the ground rent due
on this property, as per the attached statement, has
not been paid, and that demand has been made therefor
and that there has been no response to the said de-
mands.

"Further, that ejectment proceedings will be insti-
tuted immediately to recover possession of the said
premises.

"Thomas Charles Williams,
"Attorney for Chesapeake Realty Com-
pany of Baltimore City.

"The Tenant of 16 North Caroline Street to the Chesa-
    peake Realty Company of Baltimore City,    Dr.

"March 1, 1918, six months' ground rent......$10.00
"Interest to March, 1919....................  .60
"Sept. 1, 1918, six months' ground rent........ 10.00
"Interest to March, 1919....................  .30
"March 1, 1919 ............................ 10.00
                                            _____
"Total..................................$30.90."

On the facts produced at the hearing upon the motion to
vacate the order of the court passed on April 8th, 1920, the
following order was passed:

"The motion filed by the plaintiff in this case to
vacate the order passed by this court on April 8, 1920,
coming on for a hearing, and testimony having been
submitted and considered, and counsel of the respective
parties having been heard, it is ordered by the court
this 1st day of July, 1920, that the plaintiff's motion
be overruled, and it is ordered finally that all further
proceedings in the above case shall cease and be dis-
continued."

It would seem that it was from said order that the appeal
in this case was taken.

In cases of ejectment by landlord against tenants for the non-payment of rent, where the landlord is entitled to enter because of the non-payment thereof by the tenant, Section 73, Article 75 of the Public General Laws of this State, which is a modification of the second section of the Statute of 4 George II, Chapter 28, provides how and in what manner process in such cases shall be served; and the fourth section of said Statute of 4 George II, Chapter 28, which has not been modified by the statutes of this State, and which is in force in this State, provides that:

> "If the tenant or tenants, his, her or their assignee or assignees, do or shall, at any time before the trial in such ejectment, pay or tender to the lessor or landlord, his executors or administrators, or his, her or their attorney in that cause, or pay into the court where the same cause is depending, all the rent and arrears, together with the costs, then, and in such case, all further proceedings on the said ejectment shall cease and be discontinued."

It was no doubt upon the provisions of the above quoted section of the Statute of 4 George II, Chapter 28, that the court below acted in passing the order appealed from, discontinuing the proceeding in this case.

It is, however, contended by the appellant, plaintiff below, that it is not shown by the record that the case before us falls within the class of cases where such statute applies, claiming that the

> "petition of the defendants fails to disclose that the relation of landlord and tenant exists between the parties and that the ejectment proceedings were instituted by the plaintiff, as landlord against the defendants, as tenants, because of the non-payment of rent owing by the defendants to the plaintiff."

By the *nisi* order passed upon the alleged petition of the defendants, an opportunity was afforded the plaintiff to show cause why such conditional order discontinuing the proceed-

ings should not become final. The plaintiff, availing itself of the opportunity, filed its motion to vacate said order, assigning as reasons therefor, that Mr. Nitzel did not represent the defendants as their attorney, and that the parties paying the money into court were not the defendants or their assignees, etc., and it was upon these questions alone that the witnesses offered by the plaintiff were examined, and only upon these questions was any testimony produced at the hearing. It was not then claimed, so far as the record shows, that the "petition" failed to disclose that the relations between the plaintiff and defendants were those of landlord and tenant, and that it failed to disclose that the amount so brought into court was in part the rent at that time owing by the defendants to the plaintiff for the property or premises mentioned in the declaration. This question it seems was not presented until the case reached this Court, or if so, the record does not disclose it.

In the written statement, which we have referred to as the "petition of the defendants," because so designated in the record, signed and filed by the defendants' attorney, it is said that the amount therein named was brought into court "to be paid to the plaintiff," it "being the amount due the plaintiff according to the *statement* filed by *it* in the case, together with the *accrued rent due on the property therein referred to* up to March 1st, 1920."

In support of its contention that the "petition" or statement, above mentioned, failed in its allegations to disclose that the relation of landlord and tenants existed between the plaintiff and defendants, without which the court below should not have passed the order appealed from, the counsel for the plaintiff, in his argument in this Court, said that the "statement" mentioned in said petition was never filed in the case, as stated in said petition, and that such statement does not appear in the record and consequently there is nothing to show what that statement contained.

The said "statement" is not found in the record nor was it, at the time of said argument, filed in the case, although it

is shown from a certificate of the lower Court, that has since
been sent to this Court, that said statement was before that
Court at the hearing and was admitted by the counsel of both
parties to be a correct statement of the amount of rent owing
to such time for the property mentioned in the declaration,
and that it, with the other evidence before the Court, was con-
sidered by the Court in passing the order appealed from. But
as the facts contained in said certificate are not properly be-
fore us they will not be considered in reaching our decision
in this case.

It does not appear from the Statute of 4 George II, from
which we have quoted, that any formal pleading is required
to be filed by the tenant in connection with the payment of
the said money into court. It may be said of the petition,
statement or memorandum here filed that it is not as fully
and as well expressed as it might have been, but nevertheless
in our opinion it shows, without the aid of the statement
above referred to, that the money paid into court was for
rent owing to the plaintiff, as landlord, for the premises men-
tioned in the declaration, to be paid him, thereby disclosing
the relations of landlord and tenants that existed between the
plaintiff and defendants. It is disclosed that the money was
paid into court to be paid to the plaintiff as "the amount due
the plaintiff" as *"accrued rent* on the property" mentioned in
the declaration. This language clearly established the rela-
tion of landlord and tenants. If the money was due to the
plaintiff, the original lessor, *as rent,* it was due to it as land-
lord; and it was so understood and accepted by the counsel
for the plaintiff, as shown by the reasons assigned in his
motion to vacate the court's order of April 8th, 1920, for in
the second reason assigned it alleges in substance that the said
sum of $50.90 paid into court as rent for said property was
not paid therein by Prudence Patterson, the tenant under the
lease from the plaintiff, nor by Frederick Rauch, her recog-
nized assignee, but that said "sum of $50.90 and costs" were
paid into court by Mrs. Sapp, the person in possession of the
premises, and the daughter and next of kin of Frederick

Rauch, whose whereabouts at such time were unknown to her, contending thereby that she was not of the class of persons mentioned in the statute, entitled to have the proceedings discontinued upon the payment by her of said money into court; and this was the sole question decided by the court upon the hearing on the motion; and the court, we think, was right in holding that she being a tenant of the property, in actual possession thereof, and the only child and next of kin of Frederick Rauch, the recognized assignee of the tenant of the plaintiff, was within the class of persons entitled to pay said money in court and have the case discontinued. We will, therefore, affirm the order appealed from.

*Order affirmed, with costs to the appellees.*